UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERRENCE J. WHITE,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | CIVIL ACTION FILE |
| v.                                                     ) | NO. 1:09-CV-00151-WSD |
| ) | |
| THURBERT E. BAKER, et al.,     ) | |
| ) | |
| Defendants.      ) | |

# MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER AND STAY THE PROCEEDINGS

Counsel for the plaintiff moves the Court to stay the foregoing case until the conclusion of current session of the Georgia General Assembly and to extend the previously granted Temporary Restraining Order (the "TRO") so that it remains in place during the requested stay and until a further order of the Court. A Proposed Order is attached for the Court's convenience. The Attorney General's Office of the State of Georgia does not oppose this Motion.

Good cause exists for the stay and continuance of the TRO. This case involves a challenge to the constitutionality of the provisions of O.C.G.A. § 42-1-12(f) that, among other things, requires plaintiff and other registered sex offenders to disclose, on pain of criminal penalties, all of their internet identifiers and passwords to the sheriff of the county in which they reside. Bills have been

167787

introduced in both the Georgia House of Representatives (HB 571, attached hereto as Ex. 1) and the Georgia Senate (SB 157, attached hereto as Ex. 2) to amend O.C.G.A. § 42-1-12.  If either of these bills is adopted by the General Assembly, and signed into law by the Governor, the amendment could have a material effect on the issues in this litigation.  Among other changes to the registry laws, both bills propose to eliminate the requirement that registered sex offenders provide passwords for these electronic accounts, although they would still be required to disclose user name and e-mail addresses.  Ex. 1 at § 3; Ex. 2 at § 3.  In addition, each bill proposes some changes to the punishment scheme for violation of the registry requirements.  *See* Ex. 1 at § 6; Ex. 2 at § 3.

House Bill 571 is currently pending before the Georgia House of Representatives and was first read on February 29, 2009.  Senate Bill 157 was favorably reported from committee on February 24, 2009 and the second reading took place on February 25, 2009.

It is impossible at this stage, however, to predict with any certainty whether either bill will be amended at some point in the legislative process or whether either bill will be ultimately adopted by the General Assembly or signed by the Governor.  While plaintiff does not believe that even if one of the pending bills is passed in its current form, it will moot all of plaintiff's claims, there is a reasonable

likelihood that an amendment to O.C.G.A. § 41-1-12 will be adopted in some form, that could alter or limit the scope of the plaintiff's claims.

Staying the instant case until the conclusion of the current session of the General Assembly is prudent in order to conserve judicial resources and the resources of each of the Parties.  The Court appointed pro bono counsel for the plaintiff in this action on February 24, 2009.  Dkt. 14.  Plaintiff's counsel intends to amend the Complaint in this action, which may include the addition of parties and claims.  Plaintiff will then properly serve all parties to the action for whom the Attorney General's office cannot acknowledge service.  Plaintiff's counsel also intends to file a Motion for Preliminary and Permanent Injunction.  If the currently pending legislation is passed and becomes law, plaintiff will likely be required to further amend the Complaint and Motion for Preliminary and Permanent Injunction at the close of the legislative session.  Plaintiff does not wish to create burden to or waste the resources of the Court or the Parties by filing pleadings and papers and holding hearings on claims which may be mooted or altered by the passage of the pending legislation.  Instead, staying the case until the conclusion of the legislative session would most effectively serve the interests of the Parties and prevent the unnecessary expenditure of the Court's time and the Parties' resources.

In order to maintain the *status quo* during the pendency of the requested stay, the plaintiff further requests that the Court continue and extend the TRO currently in place.  *See* Dkt. 11.  Upon hearing and notice to the Parties, the Court ordered that "until further modified and vacated by the Court," "Plaintiff is not currently required to submit his internet identifiers in accordance [with] the requirements of O.C.G.A. § 42-1-12(f)(4)" and "that the Sheriffs named as defendants in this action are enjoined from arresting or taking any other adverse action against Plaintiff for failing to provide his internet identifiers pursuant to O.C.G.A. § 42-1-12(f)(4)." Dkt. 11 at 4.  The continuance of this TRO is necessary to protect the plaintiff during the pendency of the stay.

For the foregoing reasons, the plaintiff respectfully requests that the Court stay the instant action until the conclusion of the current session of the Georgia General Assembly and continue the TRO currently in place during the pendency of the requested stay.  The Attorney General's Office of the State of Georgia does not oppose this Motion.

Respectfully submitted, this 2nd day of March, 2009.

/s/ Nicole G. Iannarone
Emmet J. Bondurant
Georgia Bar No. 066900
bondurant@bmelaw.com
Nicole G. Iannarone
Georgia Bar No. 382510
iannarone@bmelaw.com
Elizabeth G. Eager
Georgia Bar No. 644007
eager@bmelaw.com

**BONDURANT, MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4111

**COUNSEL FOR PLAINTIFF**

## CERTIFICATION OF COUNSEL

The undersigned pursuant to this Court's Local Rules hereby certifies that this document has been prepared with Times New Roman 14 Point.

Respectfully submitted, this 2nd day of March 2009.

/s/ Nicole G. Iannarone
Nicole G. Iannarone
Georgia Bar No. 382510

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed this Motion To Extend Temporary Restraining Order And Stay The Proceedings with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Joseph Drolet, Esq.
    Paige Boorman, Esq.
    Office of the Attorney General
    40 Capitol Square
    Atlanta, Georgia  30334
    COUNSEL FOR DEFENDANTS

                                          /s/Nicole G. Iannarone
                                          Nicole G. Iannarone
                                          Georgia Bar No. 382510